UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN W. DUNIGAN,

Petitioner,

v.

LEE ANN LUNDY,

Respondent.

No.  2:26-cv-0283-DJC-CKD P

FINDINGS AND RECOMMENDATIONS

Petitioner Kevin W. Dunigan, a state prisoner, filed a petition for writ of habeas corpus on a form for a petition under 28 U.S.C. § 2241. The court construes the petition as seeking relief under 28 U.S.C. § 2254. See Dominguez v. Kernan, 906 F.3d 1127, 1135 (9th Cir. 2018) ("Because § 2254 limits the general grant of habeas relief under § 2241, it "is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment[.]")

Petitioner seeks leave to proceed in forma pauperis ("IFP"). (ECF No. 8.) Although it appears petitioner has three "strikes" within the meaning of 28 U.S.C. 1915(g), claims sounding in habeas challenging a criminal conviction lie outside the scope of the Prison Litigation Reform Act. See Washington v. Los Angeles Cnty. Sheriff's Dep't, 833 F.3d 1048, 1059 (9th Cir. 2016). Petitioner's IFP application has discrepancies because it states petitioner has "unlimited" pay which is unexplained. Based on the information in the trust account statement (ECF No. 8), however, the IFP application is granted. See 28 U.S.C. § 1915(a).

1

Under Habeas Rule 4, this court must determine whether it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. Habeas Rule 2(c) requires a petition to (1) specify all grounds of relief available to the petitioner, (2) state the facts supporting each ground, and (3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of a constitutional error. Mayle v. Felix, 545 U.S. 644, 655 (2005). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

The present petition, numbering 500 pages with exhibits, does not state a claim that petitioner is in custody in violation of the Constitution or laws or treaties of the United States upon which relief can be granted. The court is unable to conduct a preliminary review of the substance of the petition because the claims are largely incomprehensible. As currently pleaded, the court cannot understand the specific factual or legal basis for petitioner's claims. Regardless, the petition should be dismissed because the claims presented are unexhausted and the petition is untimely filed.

Petitioner challenges a 2007 conviction or sentence which he states was not appealed. (ECF No. 1 at 1, 3.) Petitioner also challenges a 2009 conviction or sentence which he states was affirmed on appeal in 2011. (Id. at 1, 5.) Thus, it appears the challenged convictions were final in 2007 and 2011, respectively. Petitioner's claims filed in February 2026 are well beyond the one-year statute of limitations in the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). See Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001) ("AEDPA imposes a one-year statute of limitations on habeas corpus petitions filed by state prisoners in federal court.") (citing 28 U.S.C. § 2244(d)(1)). Even considering the possibility of tolling, there is no plausible scenario in which this petition is timely filed.

Moreover, the petition also fails to show petitioner exhausted state judicial remedies as he was required to do. See 28 U.S.C. § 2254(b)(1). It is petitioner's burden to prove that state judicial remedies were properly exhausted, and this court may raise the exhaustion issue *sua sponte*. See Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981).

A petitioner satisfies the exhaustion requirement by providing the highest state court with the necessary jurisdiction and a fair opportunity to consider each claim before presenting it to the federal court, and by demonstrating that no state remedy remains available. Picard v. Connor, 404 U.S. 270, 275 (1971); Ybarra v. McDaniel, 656 F.3d 984, 991 (9th Cir. 2011). When none of a petitioner's claims have been presented to the highest state court, the court should ordinarily dismiss the petition. Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006). Petitioner does not allege he has presented any of his claims to the California Supreme Court and does not allege circumstances under which state court remedies are no longer available to him. The petition should be dismissed without prejudice because it is unexhausted.

Good cause appearing, IT IS ORDERED that petitioner's motion to proceed in forma pauperis (ECF No. 8) is GRANTED.

In addition, IT IS RECOMMENDED as follows:

1. Petitioner's application for a writ of habeas corpus be dismissed without prejudice for failure to exhaust state remedies.

2. Petitioner's other pending motions (ECF No. 11, 12) be denied as moot.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 20, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 duni0283.fr

3